## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard Tim Davis,<br><br>     Plaintiff,<br><br>v.<br><br>James Street,<br><br>     Defendant. | Case No. 15-cv-2723 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  Plaintiff Howard Tim Davis initiated this action by filing a complaint against defendant James Street.  Davis did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP") [Doc. No. 2].  That IFP application is now before the Court for consideration.

  Davis has not provided sufficient financial information for this Court to determine whether he qualifies for IFP status.[1]  [*See* Doc. No. 1-1].  This Court can ignore this infirmity, however, as an IFP application will be denied, and the action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128

---

[1]  Davis provides no financial information whatsoever in his IFP application itself, instead putting "0" or "N/A" on each line.  [Doc. No. 2.]  It is extraordinarily unlikely that Davis has absolutely no income, no assets, and no expenses, but Davis nevertheless attested, under penalty of perjury, that the information he provided was true.  *Id.*  In an affidavit filed with his IFP application, however, Davis explains that he views the financial statement required along with the IFP application to be "an instrument to deny me due process of law."  [Doc. No. 1 at 2].

(8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint does not set forth the factual circumstances at issue in much detail. Broadly speaking, it appears that Street, a Ramsey County District Court Referee, recently presided over an action involving Davis.  During those proceedings, Davis requested that Street produce certain documents in order to prove that he was a judicial officer, but Street declined.  Davis seeks monetary compensation from Street for alleged violations of state and federal criminal law stemming from Street's refusal to produce documents.

As an initial matter, Street is almost certainly protected from suit under the doctrine of judicial immunity.  *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

"The desirability of such freedom of judicial action applies equally to court-appointed referees and receivers, and brings them within the cloak of judicial immunity." *Drexler v. Walters*, 290 F. Supp. 150, 154 (D. Minn. 1968); *see also Sigler v. Twyford*, No. 93-3891, 1994 WL 66663, at *1 (6th Cir. Mar. 4, 1994) (affirming dismissal of § 1983 claim against referee on basis of judicial immunity).  Any attempt by Davis to bring claims against Street for actions taken by Street during the commission of his office therefore likely fails at the first step.

Even leaving that aside, however, Davis's complaint fails to state a claim on which relief can be granted.  Davis attempts to sue under 18 U.S.C. § 912, which prohibits "falsely assum[ing] or pretend[ing] to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof . . . ."  But even on Davis's (conclusory and implausible) allegations, Street never pretended to be an officer of the United States, only an officer of the State of Minnesota.  Section 912 therefore has no application in this case.  Moreover, "[t]here is nothing in the language of 18 U.S.C. § 912 to suggest that Congress intended to create a private right of action or a private remedy for a violation of its proscription against impersonating a United States officer."  *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003).  Thus, even if § 912 did apply to the factual allegations alleged in the complaint (and it does not), Davis could not bring a lawsuit based on that statute.

Davis also seeks to recover under Minn. Stat. § 595.08.  This statute proves that

3

> When it shall appear probable to a court of record, having general jurisdiction, that a person who has testified in an action or proceeding before it has committed perjury in any testimony so given, it may, by order or process for that purpose, immediately commit the person to prison, or take a recognizance for the person's appearance to answer to an indictment for perjury.  In such case, if the court shall deem that any paper or document produced by either party is necessary to be used in the prosecution for perjury, it may detain the same, and direct it to be delivered to the county attorney.

Section 595.08 has no more applicability to Davis or Street than § 912, as Davis is not "a court of record, having general jurisdiction," and Street is not "a person who has testified in an action or proceeding" before "a court of record."  The plain language of § 595.08 therefore precludes Davis's claim.  Moreover, there is no indication whatsoever that § 595.08 provides a private right of action to litigants such as Davis.  Indeed, exactly the opposite is true, as § 595.08 allows only "a court of record, having general jurisdiction" to initiate proceedings.  And, again, Davis is not "a court of record, having general jurisdiction."[2]

---

[2] Davis also suggests in his complaint that he wishes to bring claims premised on a violation of his constitutional rights.  *See* 42 U.S.C. § 1983.  But Davis's allegations of constitutional violations are premised on Street's supposed violations of § 912 and § 595.08.  Davis cannot use § 1983 as a backdoor method of bringing claims under other statutes that plainly do not provide a private right of action.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action"); *Frison*, 339 F.3d at 1000.

4

Davis has failed to state a claim on which relief may be granted.  Any proposed

amendment to Davis's complaint would be futile; under no circumstances may Davis sue

under § 912 or § 595.08 for monetary compensation or other relief.  Accordingly, this

Court recommends that this action be dismissed with prejudice.


Accordingly, based on all the files, records, and proceedings herein **IT IS**

**HEREBY RECOMMENDED** that:

1.      This action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.

        § 1915(e)(2)(B); and

2.      Plaintiff Howard Tim Davis's IFP application [Doc. No. 2] be **DENIED**.


Dated: June 18, 2015                      *s/ Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation.  A party may respond to those
objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All
objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.